CASE No. 846.

## STATE v. STEPHENS.

1. A party convicted of murder having moved this court in arrest of judgment, and this court having, upon that appeal, ordered a new trial, the Circuit judge at the second trial properly overruled a plea of *autrefois convict*.

2. When one convicted of murder is granted a new trial, the second trial may proceed upon the same indictment, and there is no force in the objection that the verdict and sentence in the first trial, written on the back of the indictment, will be read by the second jury.

3. A *remittitur* which orders a new trial, in effect sets aside the verdict and judgment appealed from.

4. It is not necessary that thirty-six jurors should be present at the commencement of a trial.

5. The state may direct a juror to stand aside until the panel is exhausted.*

Before WALLACE, J., Edgefield, June, 1879.

This case having been once before this court, will be found reported in 11 *S. C.* 319. It will be there observed that the defendant appealed from an order overruling a motion made in arrest of judgment, and that this court directed a new trial. The *remittitur*, sent down by the clerk of the Supreme Court, read as follows: "Judgment. It is adjudged by the court that there be a new trial, on the ground last stated in the opinion of the court hereunto annexed."

Defendant objected to a trial upon the grounds, (1) that as appeared by the endorsement of the verdict and sentence on the indictment, he had already been convicted, and he filed a formal

* *State* v. *McNinch*, (4) 12 *S. C.* 89.

plea of *autrefois convict;* (2) that thirty-six jurors were not present. Both objections were overruled, and defendant excepted. The state ordered jurors to stand aside, who were re-called when the panel was exhausted; to this the defendant excepted. The defendant was found guilty. He then submitted a motion in arrest of judgment, upon the ground that the record showed a previous conviction, and there was no evidence before the court to show that such former judgment had ever been arrested, or that a new trial had ever been ordered. The motion was refused and defendant was sentenced to be hanged. He appealed to this court, renewing here the objections taken below.

*Messrs. B. W. Bettis* and *Arthur Tompkins,* for appellant.

*Mr. Solicitor Abney,* contra.

March 24th, 1880. The opinion of the court was delivered by

WILLARD, C. J. The first exception embodies the proposition that the defendant, having been once convicted of murder under the present indictment, and a new trial having been granted *in invitum* by this court, the atttempt to subject him to a second trial under the indictment, was, in effect, putting him in jeopardy of his life twice for the same offence.

Section 18, Article I. of the constitution, declares that "no person after having been acquitted by a jury, shall again, for the same offence, be put in jeopardy of his life or liberty." As the prisoner never has been acquitted of the offence charged in the indictment, this clause has no application to his case. If under any circumstances granting to a person under conviction a new trial could be regarded as depriving him of any right of defence, even where such new trial was granted *in invitum,* still that is not the present case. The judgment of this court granting such new trial was made upon an appeal by the prisoner, and, therefore, must be regarded as made at his demand, whether the appeal prayed for a new trial or that the judgment might be arrested. An appellant asking for relief of a certain character must be regarded as asking for relief of a less comprehensive character should he be found not entitled to that which he

specifically demands. This proceeds from a principle manifestly in the interest of appellants, and there is no sufficient reason for denying its application to capital cases. The appellant sought to arrest the judgment, but the appellate court concluded that he was not entitled to such relief. Finding, however, that he was entitled to a new trial the court so directed. To have held that the prisoner could not have a new trial, although the record exhibited error, merely because he had not named that relief in his appeal, would have been open to serious objection in any case, and especially so in a capital case. The court properly overruled the plea of a former trial, and properly refused to arrest the judgment on that ground.

The *remittitur* of this court contained its judgment ordering a new trial, and it was the duty of the Circuit Court to proceed, as it did, in obedience to the requirement of that judgment.

There is no force in the objection that there should have been a new indictment. That question was settled by the judgment of this court ordering a new trial, which must be interpreted as ordering such new trial upon the existing indictment.

Neither is there any force in the objection that the former verdict and judgment was submitted to the inspection of the jury. The indictment was properly submitted to their inspection, and, it must be assumed, could not be so submitted without bringing to their attention the former verdict and judgment under it. It cannot be assumed that the knowledge of the previous proceedings under the indictment would have any tendency to prejudice the minds of the jury.

The objection that the *remittitur* did not expressly set aside the verdict and judgment when it ordered a new trial is without force. That which results as a necessary implication from the judgment rendered is a part of it. A new trial could not be ordered without having such effect, and the order for such new trial must be regarded as setting aside the former verdict and judgment.

It was not necessary that the whole number of thirty-six jurors should be present at the commencement of the trial. No sanction exists for such a demand either in the statute or the authorities.

The practice of directing jurors objected to by the state to stand aside until the panel is exhausted has been repeatedly recognized, and is too well established to be disturbed by this court, whatever may be our view as to its soundness in principle.

The appeal must be dismissed.

McIVER and McGOWAN, A. J.'s, concurred.